**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CIVIL DIVISION**

| | |
|---|---|
| **GEORGE & COMPANY LLC,** ) | |
| ) | |
| ) | **Case No. _____** |
| **Plaintiff,** ) | |
| ) | **Jury Demanded** |
| **v.** ) | |
| ) | |
| **SPIN MASTER CORP; and SPIN** ) | |
| **MASTER LTD,** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

**COMPLAINT FOR RELIEF**

Plaintiff, GEORGE & COMPANY LLC, complaining of the Defendants Spin Master Corp. and Spin

Master Ltd. (all collectively "Defendants") herein alleges through its attorney, CHRISTOPHER A.

ZAMPOGNA of ZAMPOGNA, P.C. as follows:

**NATURE OF THE ACTION**

1. Plaintiff, a world-renowned game company and owner of the registered LCR LEFT! CENTER!

   RIGHT! and design, United States Trademark Registration No. 4519608, files this Complaint

   against Spin Master Corp. and Spin Master Ltd. for:

   (1) Cancellation of Trademark.

**THE PARTIES AND JURISDICTION**

2. Plaintiff is a limited liability company originally formed in New York and organized under the

   laws of the state of Florida.  It maintains an office in Bonita Springs, Florida.

1

3. Defendant Spin Master Corp. is a Canadian publicly traded company organized under the laws of Canada and with a principal place of business in Toronto, Canada. Spin Master Corp. claims that it, through Spin Master Ltd. and its subsidiaries, is a children's entertainment company engaged in the design, marketing and sale of entertainment products for children.

4. Defendant Spin Master Corp. does a substantial volume of business in this District and occupies a 25,000 square feet office in The Factory in Long Island City, New York, where it engages in considerable business with other Spin Master companies within the State.

5. Defendant Spin Master Ltd. is a Canadian company with its principal place of business in Toronto, Canada that also does a substantial volume of business in New York and has offices in Long Island City, New York.  Spin Master Ltd. is a subsidiary of Spin Master Corp.

6. This Court has original jurisdiction over Defendants due under 28 U.S.C.§1391 and 28 U.S.C. §1338(a) and (b) due to Plaintiff's claim for relief arising under an Act of Congress relating to trademarks.

7. This Court has supplemental jurisdiction over substantially related claims against the Defendants under 28 U.S.C. §1367.

8. Venue is proper in this District under 28 U.S.C.§1391 (b) because Defendants are doing business in this District and a substantial portion of the activity regarding the trademark of which Plaintiff complains has taken place herein.  Furthermore, venue is proper because Defendant Spin Master Ltd. purposefully availed itself of the privilege of conducting activities and litigation within the State of New York by filing suit in the State and invoking the benefits and protections of New York's laws.

## AS FOR CAUSE OF ACTION:

### Claim for Cancellation of U.S. Registration No. 3555630

13. Plaintiff owns all right, title, and interest in the common law trademarks "LEFT CENTER

2

RIGHT" for dice games, party games and board games featuring specially marked dice and chips.  Plaintiff is the senior user of the LEFT CENTER RIGHT trademark.  In addition, Plaintiff owns, among others, the following trademark, including without limitation, all right, title and interest in and to:

> (1) LCR LEFT! CENTER! RIGHT! and design, United States Trademark Registration No. 4519608.

14. Plaintiff believes it is and will continue to be damaged by registration of the mark LEFT CENTER RIGHT owned by Defendant Spin Master Ltd.

Defendant Spin Master Ltd.'s Trademark Registration No. 3555630 is set forth as follows:

> Mark: LEFT CENTER RIGHT
> Goods/services: Toys, namely, dice games and board games.
> Filed: January 30, 2006
> Amendment to Alleged Use (AAU) Accepted: October 2, 2007
> Alleged First Use: July 2007
> Registered: December 30, 2008

18. Because the mark is registered only on the supplemental register, the registration does not provide Spin Master Ltd., or Spin Master Corp., with any prima facie evidence of the validity of the mark, of the registration of the mark, of the ownership of the mark, or of any priority of the mark. Indeed, the mark was not even eligible to be published for opposition.

19. Spin Master Ltd. and its predecessor Imagination Holdings Pty. Ltd. failed to register the mark on the principal register during the long period after the date the supplemental registration was obtained, on December 30, 2008.  This represents evidence that the mark lacks the acquired distinctiveness sufficient to obtain registration, for if the Defendant had such evidence it surely would have supplied it to the United States Patent and Trademark Office (USPTO) in order to support an application for registration on the principal register.

20. Spin Master Ltd. and its predecessor also abandoned an application to register LEFT CENTER RIGHT on the principal register, namely the application filed on January 30, 2016 under serial number 78802860.

21. Specifically, on July 10, 2013, Spin Master Ltd. filed an abandonment of its application in serial number 78802860 along with its applications under serial numbers 77222038, 77236696, and 7773558.

22. Because the abandonment was made without the consent of Plaintiff, as the opposer in the proceeding, the Trademark Trial and Appeal Board (TTAB) entered judgement against Spin Master Ltd., sustained the consolidated oppositions  and denied Spin Master Ltd.'s registration.

23. The decision made by the TTAB is final and of preclusive effect.  As a result, Spin Master Ltd. is barred in this proceeding from claiming any distinctiveness to its LEFT CENTER RIGHT mark and from claiming that the mark has any priority over the marks of Plaintiff.

24. There were three similar judgments in TTAB proceedings to the same effect, each barring Spin Master Ltd., from claiming distinctiveness in its LEFT CENTER RIGHT mark.

25. All four of the TTAB judgments have *res judicata* effect and are binding on Defendant Spin Master Ltd.

26. Spin Master Ltd.'s predecessor Imagination Holdings Pty. Ltd. filed an Amendment to Allege Use (AAU) on September 7, 2007, thereby changing the effective filing date of the trademark to the date of the Amendment.

27. Spin Master Ltd. then purchased Trademark Registration No. 3555630 from Imagination Holdings Pty. Ltd. in August of 2010.

28. Accordingly, the filing of an AAU by Spin Master Ltd.'s predecessor set its effective filing date to October 2, 2007, or the date in which the United States Patent and Trademark Office (USPTO) accepted Defendant's Amendment.

4

29. Defendant Spin Master Ltd.'s new effective filing date of October 2, 2007 placed it *behind* Plaintiff's filing date of April 4, 2007 according to TMEP §§ 816.02 which states that the date of an amendment to the Supplemental Register "becomes the effective filing date of the application if: (1) the applicant had not used the mark in commerce for one year before the application filing date and (2) the applicant amends to the Supplemental Register on or after November 16, 1989." *See* TMEP §§ 816.02.

30. Here, the amendment took place on September 7, 2007 and the Defendant had not used the LEFT CENTER RIGHT mark in commerce for one year before the application filing date.

31. Under TMEP §§ 206.04 the examining attorney must conduct a new search of USPTO records for conflicting marks, and if such a search shows that because of the new, later effective filing date, there is a later-filed conflicting application that now has an earlier filing date, the examining attorney "must suspend action of the subject application pending disposition of the other application, if the application is otherwise in condition for suspension." *See* TMEP §§ 206.04.

32. Furthermore, the examining attorney must notify the examining attorney assigned to the other application of the change in the effective filing date of the subject application, so that the other examining attorney may withdraw the application from suspension and either approve it for publication or take action on any other outstanding issues. *See* TMEP §§ 206.04.

33. Here, due to error on behalf of the USPTO, this new search never occurred and Plaintiff's priority status over Defendant Spin Master Ltd.'s trademark claim was never disclosed.

34. Therefore a new search of USPTO records must occur due to Defendant's effective filing date of October 2, 2007 and the shift in priority in Plaintiff's favor under TMEP §§ 816.02.

35. A new search of USPTO records will reveal that Plaintiff holds priority over Defendant Spin Master Ltd.'s trademark claim of LEFT CENTER RIGHT and is effectively "ahead in line" of

Defendant's claim due to Plaintiff's filing date of April 4, 2007 and Spin Master Ltd.'s subsequent effective filing date of October 2, 2007.

36. In view of the above, Plaintiff's Trademark Registration No. 4519608 has priority over Defendant Spin Master Ltd.'s Trademark Registration No. 3555630 under TMEP §§ 816.02, and Plaintiff's priority should be recognized after a new search of USPTO records.

37. The use of the alleged mark LEFT CENTER RIGHT tends to impair Plaintiff's right to use its family of marks to designate its goods and services, including the following:

    (a) LEFT, CENTER, OR RIGHT - DON'T LOSE YOUR CHIPS!, United States Trademark Registration No. 4519607;

    (b) LEFT, CENTER, OR RIGHT - DON'T LOSE YOUR CHIPS!, United States Trademark Registration No. 5091344;

    (c) LCR LEFT! CENTER! RIGHT! and design, United States Trademark Registration No. 4519608;

    (d) LCR LEFT! CENTER! RIGHT! and design, United States Trademark Registration No. 5091343; and

    (e) LCR® and the LCR LEFT! CENTER! RIGHT!® Family of Marks.

43. Plaintiff is suffering harm and will continue to suffer harm from the confusion caused by Defendants' use of LEFT CENTER RIGHT and variations thereof.

44. Plaintiff, as the owner of United States Trademark Registration No. 4519608 and the senior user of the LEFT CENTER RIGHT trademark, is being infringed upon by Defendant Spin Master Ltd.'s Trademark Registration No. 3555630.

45. Cancellation of Defendant Spin Master Ltd.'s Trademark Registration No. 3555630, the alleged mark LEFT CENTER RIGHT, is appropriate in the circumstances in order to prevent further confusion.

**PRAYER FOR RELIEF**

6

WHEREFORE, Plaintiff, GEORGE & COMPANY LLC, requests that this Court enter judgment against Defendants, SPIN MASTER CORP and SPINMASTER LTD., for relief set forth above and award it relief including, but not limited to, the following:

A) cancellation of the alleged mark LEFT CENTER RIGHT, U.S. Registration Number 3555630 due to the priority of Plaintiff's Trademark Registration No. 4519608 and in order to prevent further confusion; and

B) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 1st day of September, 2020.

/s/Christopher A. Zampogna

Christopher A. Zampogna
New York Bar No. 2592178
Zampogna, P.C.
1776 K St. NW
Ste. 700
Washington, DC 20006
caz@zampognalaw.com
(202) 223-6635
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 1, 2020, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which furnished a copy of the foregoing via

electronic mail to all counsel of record.

/s/Christopher A. Zampogna

Christopher A. Zampogna
New York Bar No. 2592178
Zampogna, P.C.
1776 K St. NW
Ste. 700
Washington, DC 20006
caz@zampognalaw.com
(202) 223-6635
*Attorney for Plaintiff*

8