UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE & COMPANY LLC,

                        Plaintiff,                        **REPORT & RECOMMENDATION**
                                                                                20-CV-4082-DG-SJB

          *v.*

SPIN MASTER CORP. and SPIN MASTER LTD.,

                        Defendants.
------------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Beginning in 2018, Plaintiff George & Company LLC ("George & Co.") filed a series of trademark infringement actions against Spin Master Corporation, Spin Master Ltd. ("Spin Master"), or related companies. George & Co. claims that Spin Master infringed on its marks for the dice-playing game "LCR LEFT! CENTER! RIGHT!" George & Co. filed its first suit in the Middle District of Florida.[1] There, it lodged six different complaints, amending five separate times. It subsequently filed a second lawsuit in this District.[2] The Florida action was then transferred here.[3] After the cases were consolidated, George & Co. attempted to file an eighth complaint, which the Court denied, finding the amendment futile and prejudicial.[4] Undeterred by fact or law, continuing its pattern of constantly changing its claims, splitting lawsuits in multiple

---

[1] Verified Compl. dated Mar. 8, 2018, No. 19-CV-4883, Dkt. No. 1.

[2] Compl. for Damages and Injunctive Relief dated July 30, 2019 ("*George II* Comp."), No. 19-CV-4391, Dkt. No. 1.

[3] Order dated Aug. 23, 2019 ("Transfer Order"), No. 19-CV-4883, Dkt. No. 119.

[4] *George & Co. LLC v. Spin Master Corp.*, No. 19-CV-4391, 2020 WL 3865098, at *8 (E.D.N.Y. July 7, 2020).

parts in different courts, and violating the Rules of Civil Procedure, George & Co. then filed this third lawsuit.[5] And while this third suit was pending, George & Co. filed a fourth lawsuit.[6] In total, there have been 10 complaints filed by George & Co. All relate to the same mark or family of marks. Nine of the 10 have been filed against a Spin Master entity.[7]

This third suit is contumacy at its finest. Having been told that it could not, in the consolidated lawsuit, file an eighth amended complaint, George & Co. simply filed a new suit altogether. Rules 15 and 16 are not moribund vestiges of an ancien regime; they do not permit such easy end runs around scheduling or court orders. Were litigation conducted as George & Co. would have it, then every case where amendment is denied would birth a companion, new lawsuit, containing the claims that the court barred in the first lawsuit. Of course, this is not how litigation should, or does, operate. This is not how any of this works. But George & Co.'s illicit behavior is matched only by its impudence: in filing this third suit, it has alleged claims for which there is no subject matter jurisdiction. This case should be dismissed. And George & Co. should show

---

[5] Compl. dated Sept. 1, 2020 ("Compl."), Dkt. No. 1.

[6] Compl. dated Oct. 20, 2020, No. 21-CV-4254, Dkt. No. 1.

[7] The 10th was filed against Target Corporation in the Northern District of Illinois and eventually transferred to this Court. (*Id*; Mem. Opinion dated July 14, 2021 ("Transfer Order"), No. 21-CV-4254, Dkt. No. 31). In so doing, the District Court noted that the complaint alleges that Target infringed on George & Co.'s marks by selling the game manufactured by Spin Master. (Transfer Order at 1–2). And it found that transfer to the Eastern District of New York was warranted "because [here] there are nearly identical proceedings currently pending regarding the same trademarks and claims." (*Id.* at 6).

cause why it should not be subject to an anti-suit injunction and pay Spin Master's attorney's fees.[8]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

George & Co. is a Florida limited liability company, originally formed in New York, with offices in Florida.[9] It creates and sells, and owns the trademark rights to, several dice, board, and party games.[10] Defendants are Canadian companies that "design, market[] and [sell] . . . entertainment products for children" and maintain their principal place of business in Toronto, Canada.[11] They maintain offices in Queens, New York.[12]

George & Co. holds the trademark "LCR LEFT! CENTER! RIGHT!", U.S. Trademark Registration No. 4519608, among others.[13] Defendants hold a trademark for "LEFT CENTER RIGHT," U.S. Trademark Registration No. 3555630 ("Defendants' Trademark").[14] The Complaint contains one cause of action: cancellation of Defendants'

---

[8] Spin Master filed a motion to dismiss on April 16, 2021. (Notice of Mot. Regarding Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and Lack of Personal Jurisdiction dated Mar. 8, 2021 ("Mot."), Dkt. No. 16). The Honorable Judge Diane Gujarati referred the motion to the undersigned for report and recommendation. (Order Referring Mot. dated Apr. 21, 2021 ("Order Referring Mot.")).

[9] Compl. ¶ 2.

[10] *Id.* ¶¶ 1, 13.

[11] *Id.* ¶¶ 3–5.

[12] *Id.* ¶¶ 4–5.

[13] *Id.* ¶¶ 1, 13, 37.

[14] *Id.* ¶ 14.

Trademark based on Defendants' alleged abandonment and impairment of Plaintiff's right to use its own marks.[15]

This is the third action George & Co. has brought against Spin Master. The first, filed in 2018, was transferred from the Middle District of Florida to this District on August 23, 2019.[16] The second George & Co. filed on July 31, 2019.[17] These two prior cases both involved allegations of trademark infringement of the "LCR LEFT! CENTER! RIGHT!" mark, U.S. Trademark Registration No. 4519608, among others.[18]

On September 22, 2020, the Court issued an Order to Show Cause in this action:

---

[15] *Id.* ¶¶ 13–45.

[16] *See* Transfer Order.

[17] *See George II* Compl.

[18] For a detailed procedural background of these cases, see *George & Co. LLC*, No. 2020 WL 3865098, at *1–2 and *George & Co., LLC v. Spin Master Corp.*, No. 19-CV-4391, 2020 WL 7042665, at *1–2 (E.D.N.Y. Nov. 30, 2020).

4

> Plaintiff . . . has initiated a third case in this district to accompany case Nos. 19-cv-4391 and 19-cv-4833, all of which name Spin Master Corporation or a similar entity as a defendant. In 19-cv-4391 and 19-cv-4833, the Court issued an opinion denying George & Co.'s motion to amend the Complaint. In that order, the Court noted that, "[t]he parties have been litigating this case in multiple courts for over two years with little forward progress to resolution. George & Co. amended the complaint *five* times while the case was in the Middle District of Florida. It initiated a separate case with a new complaint in this District. Taken together, George & Co. has filed seven complaints and this new amended pleading would be its eighth complaint." Furthermore, the new Complaint alleges a single claim—cancellation of the trademark—which Plaintiff sought to add in the other cases, and which was the subject of the motion to amend. The Court found that Plaintiff had no reasonable basis to delay moving to add this claim, and also that adding such a claim would be in violation of this Court's Rule 16 scheduling order. The Court therefore prohibited George & Co. from adding this or any other claim to the Complaint. At this point, it appears that George & Co. is attempting to do an end-run around this Court's prior orders and improperly seeking amendment.[19]

The Court directed Plaintiff to explain why the Court should not *sua sponte* dismiss the Complaint for violating the Court's earlier order denying the motion to amend.[20]

Upon review of the parties' briefing following the Order to Show Cause, the Court determined that the parties should fully brief a motion to dismiss.[21]

## DISCUSSION

George & Co.'s sole claim—for trademark cancellation—is brought pursuant to Section 37 of the Lanham Act. It provides that "[i]n any action involving a registered mark" the court may "order the cancelation of registrations[.]" 15 U.S.C. § 1119. Critically, registration cancellation is only possible "in any action involving a registered mark," *i.e.*, in a case where trademark registration is already being litigated. *Nike, Inc.*

---

[19] Order to Show Cause dated Sept. 22, 2020 (citations omitted) (alterations in original) (quoting *George & Co. LLC*, 2020 WL 3865098, at *7).

[20] *Id.*

[21] Order dated Feb. 5, 2021.

*v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) ("The limiting phrase '[i]n any action involving a registered mark' plainly narrows the circumstances in which cancellation may be sought—namely, in connection with 'a properly instituted and otherwise jurisdictionally supportable action involving a registered mark.'" (first quoting 15 U.S.C. § 1119; then quoting *Universal Sewing Mach. Co. v. Standard Sewing Equip. Corp.*, 185 F.Supp. 257, 260 (S.D.N.Y. 1960))), *aff'd on other grounds*, 568 U.S. 85 (2013); *e.g.*, *Bascom Launder Corp. v. Telecoin Corp.*, 204 F.2d 331, 335 (2d Cir. 1953) ("Since the defendant set up its registered trade-mark as a defense, we think this was an 'action involving a registered mark' within Sec. 37 of the Lanham Act . . . conferring jurisdiction to order the mark's cancellation.").

While a right may not exist without a remedy,[22] a remedy most certainly cannot exist without a right. Cancellation is a remedy for a violation of a holder's trademark rights by another. *SmileDirectClub, LLC v. Berkely*, No. 18-CV-1236, 2018 WL 8131096, at *9 (C.D. Cal. Oct. 26, 2018) ("[C]ancellation is an available remedy for actions in which there is an independent cause of action involving harm caused by the trademark registration which the party seeks to cancel."). "A request for dismissal of a cancellation proceeding pursuant to section 1119 ordinarily is made as a counterclaim in an infringement action." *Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008). But without such an alleged violation, there can be no cancellation.

And, like here, where a party's only claim is for cancellation—and no infringement or similar claim or defense related to registration is being litigated—there

---

[22] "It is a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress." *Marbury v. Madison*, 5 U.S. 137, 147 (1803).

6

is no actual controversy between the parties, and therefore, no subject matter jurisdiction to adjudicate the dispute. *Nike,* 663 F.3d at 98 ("[T]his provision [(section 1119)] requires that 'a controversy as to the validity of or interference with a registered mark . . . exist before a district court has jurisdiction to grant the cancellation remedy.'" (first and third alterations in original) (quoting *Ditri v. Coldwell Banker Residential Affiliates,* Inc., 954 F.2d 869, 873 (3d Cir. 1992))); *Thomas & Betts Corp. v. Panduit Corp.,* 48 F. Supp. 2d 1088, 1092–93 (N.D. Ill. 1999) ("For this Court to have subject matter jurisdiction to hear a case, a justiciable case must exist. Merely bringing suit for cancellation of a wrongfully registered generic term is insufficient to create a justiciable case or controversy.").

George & Co. states that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1391 and 1338(a)–(b). (Compl. ¶ 6). Neither is pertinent. 28 U.S.C. § 1391 governs venue, not subject-matter jurisdiction. And § 1338 only generally establishes that original jurisdiction exists over certain intellectual property matters.[23] In relying on § 1338, George & Co. confuses two aspects of subject-matter jurisdiction. "[T]here is a significant difference between determining whether a federal court has 'jurisdiction of the subject matter' and determining whether a cause over which a court has subject matter jurisdiction is 'justiciable.'" *Powell v. McCormack,* 395 U.S. 486, 512 (1969). Section 1338 concerns the former, but the issue in the case is the latter. The presence of a live case or controversy—a constitutional limitation in Article III—is necessary for any

---

[23] It provides, "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks," 28 U.S.C. § 1338(a), and shall have original jurisdiction in "any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws," *id*. § 1338(b).

7

case to be justiciable.  1 Lawrence H. Tribe, *American Constitutional Law* 554 (3rd ed. 2000) ("Congress cannot confer upon an Article III court any authority to resolve disputes outside the textual confines of that Article.").  And this limitation exists regardless of whether the claim would otherwise fall within federal-question jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962) ("In the instance of lack of jurisdiction the cause either does not 'arise under' the Federal Constitution, laws or treaties, (or fall within one of the other enumerated categories of Art[icle] III, [section] 2), *or is not a 'case or controversy' within the meaning of that section*; or the cause is not one described by any jurisdictional statute." (emphasis added)).  A federal court simply lacks authority to adjudicate a non-live dispute between the parties.

George & Co. also contends that because, in the consolidated action, *George II*, Spin Master Inc. is litigating cancellation, Spin Master has consented to jurisdiction here.  (Pl.'s Opp'n to Defs.' Mot. dated Mar. 29, 2021 ("Opp'n"), Dkt. No. 18 at 7). George & Co. again misapprehends subject-matter jurisdiction.  Jurisdiction over Spin Master only establishes personal jurisdiction.  As for subject-matter jurisdiction— something to which a party cannot consent, *Villa v. Car Magic Auto Repair, Inc.*, No. 18-CV-489, 2020 WL 4336350, at *2 (E.D.N.Y. July 27, 2020)—the argument is misplaced.  In *George II*, there is a live case-or-controversy because Spin Master has alleged (via counterclaim) that George & Co. has infringed its trademark and has sought cancellation of George & Co's mark.  (*E.g.*, *George II* Compl. ¶¶ 197–234; Defs.' Answer to Compl. and Countercls. dated Dec. 14, 2020, Dkt. No. 52, Countercls. ¶¶ 6–33).  The presence of that infringement dispute over a registered mark permits one or both sides to seek cancellation.  Here, there is no litigation or claim about anyone's mark.  And jurisdiction is not fungible.  One cannot take the controversy from one lawsuit, add it to

8

another, and create a justiciable case.[24] A naked claim for trademark cancellation lacks a case or controversy and must be dismissed for want of subject-matter jurisdiction.[25]

\*   \*   \*   \*

"The plain and obvious problem with this case is Plaintiff counsel's brazen attempt to circumvent the Court's denial of amendment" in *George II*. *Stewart v. Mostowy*, No. 18-CV-372, 2019 WL 1330940, at \*1 (W.D. Pa. Mar. 25, 2019), *aff'd*, 796 F. App'x 104 (3d Cir. 2020). In *George II*, George & Co. sought to add a claim for cancellation. The Court denied the motion to do so. *George & Co. LLC*, 2020 WL 3865098, at \*5–6. By filing a new lawsuit and circumventing the Court's ruling, George & Co. forced Spin Master to litigate again what it had litigated already. (Indeed, it is the *third* time; George. & Co. made the claim for cancellation first in 2018, when it was dismissed by the Court in Florida. *See George & Co. LLC v. Spin Master Corp*, No. 18-CV-154, 2018 WL 5268754, at \*13 (M.D. Fla. Sept. 13, 2018)). This behavior is sanctionable. "If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir.2005)). George & Co. is ordered to show cause in a letter no longer than 5 pages why (a) it

---

[24] This is true, even if the cases were consolidated, which they have not been. *Nationwide Gen. Ins. Co. v. Cela*, No. 16-CV-2054, 2017 WL 53690, at \*4 (D. Conn. Jan. 4, 2017) ("[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other." (alteration in original) (quoting *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982))).

[25] George & Co. also makes other irrelevant or nonsensical contentions, including that Rule 19 confers subject matter jurisdiction. (Opp'n at 8–9). It does not.

9

should not be required to pay Spin Master's fees in defending against this present lawsuit, including the fees incurred in briefing the motion to dismiss; and (b) not be subject to a filing injunction preventing it and its counsel from filing any additional lawsuits in this District. George & Co.'s letter should be submitted by September 13, 2021. Spin Master may file any response by September 27, 2021. A reply of no more than 3 pages may be filed by October 12, 2021.

## CONCLUSION

For the reasons stated above, it is respectfully recommended that the motion be granted and the case dismissed.[26] Any objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotation omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara* August 30, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[26] A dismissal for lack for lack of subject-matter jurisdiction is without prejudice. *See, e.g., Rizvi v. Urstadt Biddle Properties Inc.*, 791 F. App'x 282, 283 n.1 (2d Cir. 2020).