UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
George & Company LLC,

                              Plaintiff,

  -against-

Spin Master Corp. and Spin Master Ltd.,

                              Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-04082 (DG) (SJB)

DIANE GUJARATI, United States District Judge:

On September 1, 2020, Plaintiff George & Company LLC commenced this action against Defendants Spin Master Corp. and Spin Master Ltd. (collectively, "Defendants"), alleging a sole claim of trademark cancellation. *See generally* Complaint, ECF No. 1. On September 22, 2020, Magistrate Judge Sanket J. Bulsara ordered Plaintiff to show cause "why it and its counsel should not be sanctioned for violating Court orders and why the Court should not *sua sponte* dismiss the Complaint . . . for violating the Court's prior order denying a prior motion to amend." Sept. 22, 2020 Order to Show Cause.[1]

---

[1] Plaintiff had commenced an earlier action in the United States District Court for the Eastern District of New York on July 31, 2019. *See* Complaint, ECF No. 1, *George & Co. LLC v. Spin Master Corp.*, No. 19-CV-04391 (E.D.N.Y. July 31, 2019). On July 7, 2020, Judge Bulsara issued an order in that earlier action, denying Plaintiff's motion for leave to file a proposed amended complaint that added, *inter alia*, a claim of trademark cancellation under 15 U.S.C. § 1119, concluding that undue delay, prejudice to Defendants, and the futility of Plaintiff's proposed claims warranted denial. *See George & Co. LLC v. Spin Master Corp.*, No. 19-CV-04391, 2020 WL 3865098, at *8 (E.D.N.Y. July 7, 2020). That earlier action is referred to herein as "*George II*." (An even earlier action, initially filed in the United States District Court for the Middle District of Florida and subsequently transferred to the United States District Court for the Eastern District of New York and consolidated with *George II*, has been dubbed "*George I*." *See id*. at *2 (discussing *George & Co. LLC v. Cardinal Indus., Inc.*, No. 19-CV-04883)). The instant action is referred to herein as "*George III*." *George II* was reassigned to the undersigned from United States District Judge Rachel P. Kovner on December 17, 2020. *George III* was reassigned to the undersigned from Judge Kovner on January 11, 2021.

The parties thereafter filed submissions in response to the September 22, 2020 Order to Show Cause.  *See* Plaintiff's Letter in Response to Court's Order to Show Cause, ECF No. 7; Defendant's Response to Order to Show Cause, ECF No. 9.  In an Order dated February 5, 2021, Judge Bulsara stated, in relevant part: "Upon review of the parties' submissions in response to the Order to Show Cause, the Court concludes that fuller briefing in the form of a Motion to Dismiss is appropriate.  The Motion need not be limited [to] the arguments raised in connection with the Order to Show Cause briefing."  *See* Feb. 5, 2021 Order.  Judge Bulsara subsequently so-ordered the parties' proposed briefing schedule.  *See* Feb. 12, 2021 Order.

On April 16, 2021, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (for lack of subject matter jurisdiction), 12(b)(2) (for lack of personal jurisdiction), and 12(b)(6) (for failure to state a claim).  *See* Defendants' Motion to Dismiss, ECF No. 16; Defendants' Memorandum in Support of Defendants' Motion to Dismiss, ECF No. 17; Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, ECF No. 18; Defendants' Reply in Support of Defendants' Motion to Dismiss, ECF No. 19.  On April 21, 2021, I referred the motion to dismiss (the "Motion") to Judge Bulsara for a Report and Recommendation ("R&R").  *See* Apr. 21, 2021 Order.

On August 30, 2021, Judge Bulsara issued an R&R recommending that Defendants' Motion be granted and this case dismissed.  *See generally* R&R, ECF No. 21.  Any objections to the R&R were required to be filed with the Clerk of Court within fourteen (14) days of service of the R&R.  *Id.* at 10.

Contained in the same document as the recommendation to the undersigned that the Motion be granted and this case dismissed was Judge Bulsara's directive to Plaintiff to show cause in a letter, submitted by September 13, 2021, "why (a) it should not be required to pay

Spin Master's fees in defending against this present lawsuit, including the fees incurred in briefing the motion to dismiss; and (b) not be subject to a filing injunction preventing it and its counsel from filing any additional lawsuits in this District." *Id.* at 9-10.

On September 13, 2021, Plaintiff filed a letter relating to the August 30, 2021 R&R. *See* Plaintiff's Letter, ECF No. 26. Although Plaintiff describes its letter as one submitted "[p]ursuant to [Judge Bulsara's] August 30, 2021 Order to Show Cause," Plaintiff requests in the letter that the claim alleged in the instant action not be dismissed; that Plaintiff not be required to pay Spin Master's fees; and that Plaintiff not be subject to a filing injunction. *See id*. at 1. Accordingly, the relief sought by Plaintiff relates to *both* Judge Bulsara's recommendation that the Motion be dismissed *and* his directive that Plaintiff show cause with respect to the payment of fees and the issuance of a filing injunction.

On September 27, 2021, Defendants responded to Plaintiff's Letter. *See* Defendants' Response, ECF No. 27. In addition to their substantive response to various arguments advanced by Plaintiff, Defendants argue that Plaintiff failed to timely object to the R&R. *See* Defendants' Response at 1 n.1 (arguing that "Plaintiff did not object under Fed. R. Civ. P. 72(b)(2) to the Report and Recommendation that Defendants' motion to dismiss *George III* be granted . . . and has therefore waived its right to appeal"); *id*. at 2 (arguing that Plaintiff "did not timely object . . . to Judge Bulsara's Report and Recommendation; instead it only responds to the Second OSC," and therefore the R&R is "unappealable").

Rule 72(b) of the Federal Rules of Civil Procedure ("Rule 72(b)"), which addresses objections to the recommendations of magistrate judges with respect to dispositive motions, provides, in relevant part that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed

3

findings and recommendations." Fed. R. Civ. P. 72(b).  Rule 72(b) does not provide that any particular language must be included when lodging objections and does not indicate that a party filing objections must specifically reference Rule 72(b).  *See id.*  Similarly, Title 28, United States Code, Section 636(b)(1) ("Section 636(b)(1)"), which addresses objections to the recommendations of magistrate judges, also does not require any particular language.  *See* 28 U.S.C. § 636(b)(1) (indicating that objections must be "written," but not providing that any particular language must be used or indicating that any particular rule or statute must be referenced).

Although Plaintiff does not specifically cite to Rule 72(b)(2) or to Section 636(b)(1), Plaintiff does in Plaintiff's Letter request multiple times that this Court not dismiss the claim alleged in the instant case, and specifically references the R&R multiple times.  *See* Plaintiff's Letter at 1-2, 4-5.  The Court accordingly deems Plaintiff's timely-filed September 13, 2021 Letter to be both (1) Plaintiff's response to Judge Bulsara's August 30, 2021 directive to show cause *and* (2) Plaintiff's objection to Judge Bulsara's recommendation that Defendants' Motion be granted and this case dismissed.  The Court addresses the second issue below.[2]

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

---

[2] The Court notes with respect to the first issue (*i.e.*, Plaintiff's objection to the payment of fees and imposition of a filing injunction), that on November 23, 2021, Judge Bulsara issued an order, which referenced the August 30, 2021 directive to Plaintiff to show cause as to why it should not be required to pay Defendants' fees; concluded that "for the reasons stated in the Court's Report and Recommendation, this lawsuit should be dismissed;" and noted that "the Court views that dismissal as sufficient sanction and provides appropriate relief to Defendants, and any additional sanction would be unnecessary at this point."  *See* Nov. 23, 2021 Order.

4

72(b). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Killoran v. Westhampton Beach Sch. Dist.*, No. 17-CV-00866, 2021 WL 665277, at *1 (E.D.N.Y. Jan. 25, 2021). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

"[O]bjections to a report and recommendation 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Kosmidis v. Port Auth. of New York & New Jersey*, No. 18-CV-08413, 2020 WL 7022479, at *1 (S.D.N.Y. Nov. 30, 2020) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)); *see also Molefe*, 602 F. Supp. 2d at 487 ("The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings."). "[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, No. 09-CV-00272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) (quotation marks omitted); *see also Molefe*, 602 F. Supp. 2d at 487.

## DISCUSSION

Although in the R&R Judge Bulsara admonishes Plaintiff's counsel for filing a new action in a "brazen attempt to circumvent the Court's denial of amendment in *George II*," *see* R&R at 9 (quotation marks omitted), Judge Bulsara's recommendation of dismissal of the claim in *George III* is not based on counsel's conduct. Rather, Judge Bulsara recommends dismissal of the sole claim contained in the Complaint in the instant action on the basis that this Court lacks subject matter jurisdiction over the claim. *See* R&R at 5-9 (discussing that subject matter jurisdiction is lacking because trademark cancellation is only possible in an action involving a registered mark – *i.e.*, in a case where trademark registration is already being litigated).

In its September 13, 2021 Letter, Plaintiff acknowledges Judge Bulsara's conclusion that subject matter jurisdiction is lacking. *See* Plaintiff's Letter at 4. Plaintiff does not meaningfully dispute that legal conclusion, *see id.*, but nevertheless objects to dismissal of the claim in the instant action. Plaintiff appears to base its argument that this action should not be dismissed on Judge Bulsara's denial of leave to amend in *George II*. Specifically, Plaintiff argues that Judge Bulsara acted beyond the scope of a magistrate judge's authority in denying leave to amend in *George II* because that denial was effectively dispositive of Plaintiff's ability to bring its trademark cancellation claim at all. *See id.* at 3-4.[3]

To the extent that Plaintiff seeks to challenge the propriety of Judge Bulsara's denial of leave to amend in *George II* – an action separate from the instant *George III* action – Plaintiff

---

[3] Plaintiff also argues, *inter alia*, that Judge Bulsara misconstrued the history of litigation between the parties, *see* Plaintiff's Letter at 2-3 (contesting Judge Bulsara's statement in the R&R, *see* R&R at 2, that "nine of the 10 [complaints filed by Plaintiff in various actions] have been filed against a Spin Master entity"); and that the order denying leave to amend in *George II* did not preclude the filing of the instant action, *see* Plaintiff's Letter at 1-2. Neither of these arguments bears on the issue of whether subject matter jurisdiction exists over Plaintiff's sole claim of trademark cancellation in the instant action.

6

has chosen the wrong mechanism for any such challenge. Plaintiff may not here seek to disturb an order issued in that separate action.

Here, the Court considers whether subject matter jurisdiction exists with respect to the sole claim in the Complaint. The Court concludes that it does not, for the reasons set forth by Judge Bulsara in his thorough and well-reasoned R&R. *See* R&R at 5-9. *See e.g.*, *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) ("Section 1119 therefore creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction."), *aff'd on other grounds*, 568 U.S. 85 (2013).[4]

I therefore adopt the R&R to the extent that it recommends the granting of Defendants' Motion to Dismiss Plaintiff's claim for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 16, is granted and the Complaint, ECF No. 1, is dismissed.

The Clerk of Court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: December 21, 2021
      Brooklyn, New York

---

[4] Out of an abundance of caution, the Court applies *de novo* review here, though clear error review very likely applies given the cursory nature of Plaintiff's reference to subject matter jurisdiction in Plaintiff's Letter and the lack of legal analysis or authority accompanying that reference. *See* Plaintiff's Letter at 4; *Caldarola*, 2011 WL 1336574, at *1. Under either standard of review, dismissal is appropriate.